UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA et al. *ex rel.* DAVID FLORENCE et al.,<br><br>    Plaintiffs-Relators,<br><br>v.<br><br>ENVISION HEALTHCARE et al.,<br><br>    Defendants. | Case No. 3:19-cv-00493<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

## REPORT AND RECOMMENDATION

This qui tam action brought under the False Claims Act (FCA), 31 U.S.C. § 3729 et seq., is referred to the undersigned Magistrate Judge for decision on all nondispositive matters and for a report and recommendation on dispositive matters. (Doc. No. 55.) On September 23, 2020, the Court granted Plaintiffs-Relators Dr. David Florence and Nurse Chelsea Bass's counsel's unopposed motion to withdraw. (Doc. No. 49.) The Court warned Florence and Bass that they "ha[d] until November 2, 2020 to identify new counsel before this Court will consider dismissal of the case" (*id.* at PageID# 891) because pro se litigants may not prosecute qui tam actions under the FCA, *see Maliani v. Vanderbilt Univ. Med. Ctr.*, No. 3:10-0235, 2010 WL 4054268, at *6 (M.D. Tenn. Oct. 15, 2010). More than seven months have passed and, despite two extensions of the time to do so (Doc. Nos. 51, 53), Florence and Bass still have not retained counsel to represent them in this action. The Court must therefore determine whether dismissal is appropriate under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with the Court's orders.

**I.      Relevant Background**

Florence and Bass initiated this action with counsel on June 12, 2019, by filing a sealed complaint on behalf of the United States against Defendants Envision Healthcare and KKR & Co. Inc. for violations of the FCA. (Doc. No. 1.) They filed a sealed first amended complaint on July 24, 2019, asserting FCA claims on behalf of the United States and several Plaintiff States against the same defendants. (Doc. No. 14.)

On August 6, 2020, the United States filed a notice declining to intervene in this action. (Doc. No. 40.) The Court therefore unsealed the complaint and first amended complaint and ordered Florence and Bass to serve both pleadings on the defendants. (Doc. No. 41.) On August 27, 2020, the Plaintiff States filed a notice declining to intervene. (Doc. No. 42.)

Florence and Bass's counsel filed an unopposed motion to withdraw on September 21, 2020. (Doc. No. 44.) On September 23, 2020, the Court granted the motion to withdraw and informed Florence and Bass that they "ha[d] until November 2, 2020 to identify new counsel before this Court will consider dismissal of the case." (Doc. No. 49, PageID# 891.) At Florence and Bass's request, the Court extended the deadline to secure new counsel to January 11, 2021 (Doc. No. 51), and then to March 15, 2021 (Doc. No. 53). On March 12, 2021, Florence and Bass filed a letter to the Court stating that they are still "diligently attempting to find the right attorney for representation" and thanking the Court "for considering an[other] extension" in light of difficulties posed by the COVID-19 pandemic. (Doc. No. 54, PageID# 899.) More than two months later, no new counsel has entered an appearance on Florence and Bass's behalf, there is no indication on the docket that the defendants have been served, and Florence and Bass have not taken any other action in this case.

2

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591

3

(6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Florence and Bass.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Courts in this district have found that "a *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants." *Maliani*, 2010 WL 4054268, at *6 (quoting *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 F. App'x 731, 732 (7th Cir. 2006)); *see also Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126–27 (9th Cir. 2007) ("Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret § 1654 as authorizing *qui tam* relators to proceed *pro se* in FCA actions." (quoting 28 U.S.C. § 1654)).

4

Even if Florence and Bass's failure to retain counsel does not rise to the level of bad faith, it reflects willfulness and fault for purposes of Rule 41(b). *Cf. U.S. ex rel. Ashmore v. CGI Grp., Inc.*, No. 15-CV-4277, 2020 WL 1862611, at *2 (S.D.N.Y. Apr. 14, 2020) (dismissing qui tam FCA action without prejudice under Rule 41(b) for failure to prosecute where plaintiff "fail[ed] to secure counsel after the Court granted three stays to enable him to do so"). This factor therefore supports dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

The defendants have not been served and have not appeared in this action. This factor therefore weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Florence and Bass that, if they did not secure counsel by the relevant deadline, "this Court will consider dismissal of the case." (Doc. No. 49, PageID# 891.) This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here.[1] Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Dismissal without prejudice is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b).

---

[1] While the FCA provides that qui tam FCA actions "'may be dismissed only if the . . . Attorney General give[s] written consent,' this restriction does not apply to involuntary dismissals" under Rule 41(b). *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 n.1 (2d Cir. 2004) (alterations in original) (quoting 31 U.S.C. § 3730(b)(1)).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 18th day of May, 2021.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge